The Honorable Jack McCoy State Representative 712 McNeil Street Malvern, Arkansas 72104
Dear Representative McCoy:
This is in response to your request for my official opinion regarding whether a chiropractic physician who contracts with an out-of-state insurance company "to review claims that are subject to Arkansas statutes" is practicing "chiropractic" under the laws of this State and thus is required to be licensed by the Arkansas State Board of Chiropractic Examiners. Your request specifically asks that this opinion address the issue of "private review agents."
Due to a lack of Arkansas case law on this issue, a review of the pertinent code provisions as set out in 17-81-101 et seq. and A.C.A. 20-9-901 et seq. is necessary.
Under A.C.A. 17-81-102(3)(a), "Practice of Chiropractic" means the engagement for compensation in the diagnosis and analysis of any interference with normal nerve transmission and expression and the procedure preparatory to and complimentary to the correction thereof by an adjustment of the articulations of the vertebral column, its immediate articulations, including spinal adjustments, spinal manipulations, and spinal mobilizations such as any type of pressure, force, thrust, or passive movement, singular or plural, applied to the spinal vertebrate or their adjacent articulations by hand or mechanical device or by other incidental adjustments, for the restoration and maintenance of health. The practice of chiropractic includes therapy, the normal regimen, and rehabilitation of the patient for the purpose of removing any injury, deformity, or abnormality of human beings without the use of drugs or surgery.
Furthermore, the legislature has defined analysis in A.C.A.17-81-102(4) to include physical examination, the use of x-ray and other analytical instruments and procedures generally used in the practice of chiropractic.
Act No. 537 of 1989, codified as A.C.A. 20-9-901 et seq., which regulates "private review agents" and the Utilization Review process took effect on January 1, 1990. "A private review agent who approves or denies payment or who recommends approval or denial of payment for hospital or medical services or whose review results in approval or denial of payment for hospital or medical services on a case by case basis may not conduct utilization review in this state unless the Arkansas State Board of Health has granted the private review agent a certificate." See A.C.A.20-9-903.
A.C.A. 20-9-909 states:
 In conjunction with the application, the private review agent shall submit information that the Board requires including: (1) a utilization review plan that includes (A) a description of review standards and procedures to be used in evaluating proposed or delivered hospital and medical care; (B) the provisions by which patients, physicians, or hospitals may seek reconsideration or appeal of adverse decisions by the private review agent; (2) the type and qualifications of the personnel either employed or under contract to perform the utilization review.
In my opinion, it is unlikely that a court would conclude that an out-of-state private review agent who approves or denies payment or who recommends approval or denial of payment for hospital or medical services on a case-by-case basis is engaging for compensation in the diagnosis and analysis of any interference with normal nerve transmission and expression, and the procedure preparatory to and complimentary to the correction thereof by hand or mechanical device for the restoration and maintenance of health (in the state). See A.C.A. 20-9-903 and 17-81-102(3)(a) and17-81-301.
A chiropractor is a type of physician. A.C.A. 17-81-102(7). The word "physician" has been defined as anyone who practices the art of healing disease and preserving health. See 61 AM JUR 2d 1, p. 153. On its face, the plain meaning of the language does not appear to indicate that a "private review agent" who approves or denies payment of claims is practicing the art of healing and preserving health in reviewing the claims. He is not providing services to or treating patients in this state as that is defined in A.C.A. 17-81-101 et seq.
While it may be helpful to a private review agent to be or to employ a chiropractor to evaluate claims and make recommendations regarding such payments, there is no authority under the definitions contained in A.C.A. 17-81-101 to 315 requiring an Arkansas-licensed chiropractor in that situation. When an insurer "is presented with policyholder claims for reimbursement, [the insurer] must decide whether the claims are covered by its policies. But these decisions are entirely [the insurer's] . . ." Union Labor Life Ins. Co. v. Pireno, 458 U.S. 119, 132 (1982). "Whether the claim will be paid or not is dependent on the terms and conditions of the insurance contract and its enforcement." Alleghany Corp. v. Pomeroy, 700 F. Supp. 460, 466 (D.N.D. 1988).
Thus, any such interpretation would unduly burden non-resident chiropractors and unfairly interfere with interstate commerce. While the legislature may define or designate what constitutes the practice of chiropractic in this State, its enactments "must be reasonable and bear some relation to the service to be rendered as well as to the end or object to be attained." See, generally, C.J.S. 7, P. 385.
Also, see exemptions for out-of-state chiropractors to provide occasional services in the state without being licensed. A.C.A.17-81-302. Additionally, the scope of chiropractic is defined by statute and there would be no authority for the Arkansas State Board of Chiropractors to expand that definition by resolution. See, generally, People v. Bovee, 285 N.W.2d 53 (Mich.App. 1979).
Therefore, it is my opinion that an out-of-state private review agent reviewing claims for chiropractic services arising out of Arkansas and who conducts that review outside of Arkansas is not practicing chiropractic as it is defined in Arkansas law.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Linda Pilgrim.